**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known):* _____   Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/16**

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | EXCO Services, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | EXCO Resources Services, Inc. |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 26-1432747 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **12377 Merit Drive** | |
| Number        Street | Number        Street |
| **Suite 1700** | |
| | P.O. Box |
| **Dallas**          **TX**     **75251** | |
| City              State    Zip Code | City                State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Dallas County** | |
| County | Number        Street |
| | |
| | City                State   Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.excoresources.com/ |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor    EXCO Services, Inc.
                Name                                                    Case number *(if known)*

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

**2111 (Oil and Gas Extraction)**

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

   ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

   ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

   ☐ A plan is being filed with this petition.

   ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

   ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

   ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____  When _____  Case number _____
                                          MM/DD/YYYY

          District _____  When _____  Case number _____
                                          MM/DD/YYYY

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  **See Rider 1**                   Relationship  **Affiliate**

          District  **Southern District of Texas**   When  **01/15/2018**
                                                              MM / DD / YYYY

          Case number, if known  _____

---

Debtor     EXCO Services, Inc.                                          Case number (if known) _____
_____Name_____

---

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (Check all that apply.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                                        State        Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency   _____

Contact name   _____

Phone   _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☒ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☒ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

| Debtor | EXCO Services, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☒ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      01/15/2018
                 MM/ DD / YYYY

✗    /s/ Tyler Farquharson                          Tyler Farquharson
     Signature of authorized representative of debtor    Printed name

Title      Chief Financial Officer, Director, Treasurer and Vice President

**18. Signature of attorney**

✗    /s/ Marcus A. Helt          Date    01/15/2018
     Signature of attorney for debtor          MM/ DD/YYYY

     Marcus A. Helt
     Printed name

     Gardere Wynne Sewell LLP
     Firm name

     1000 Louisiana St., Suite 2000
     Number          Street

     Houston                          Texas          77002
     City                             State          ZIP Code

     (713) 276-5178                   mhelt@gardere.com
     Contact phone                    Email address

     24052187                         Texas
     Bar number                       State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:<br><br>                    Southern District of Texas<br>                        (State)</td></tr>
<tr><td>Case number <em>(if known):</em> _____</td><td>Chapter   11</td></tr>
</table>

☐ Check if this is an
amended filing

<u>**Rider 1**</u>
<u>**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**</u>

On the date hereof, each of the entities listed below (collectively, the "<u>Debtors</u>") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of EXCO Resources, Inc.

| |
|---|
| EXCO Resources, Inc. |
| EXCO GP Partners Old, LP |
| EXCO Holding (PA), Inc. |
| EXCO Holding MLP, Inc. |
| EXCO Land Company, LLC |
| EXCO Midcontinent MLP, LLC |
| EXCO Operating Company, LP |
| EXCO Partners GP, LLC |
| EXCO Partners OLP GP, LLC |
| EXCO Production Company (PA), LLC |
| EXCO Production Company (WV), LLC |
| EXCO Resources (XA), LLC |
| EXCO Services, Inc. |
| Raider Marketing GP, LLC |
| Raider Marketing, LP |

**OMNIBUS WRITTEN CONSENT IN LIEU OF MEETINGS
OF THE BOARDS OF DIRECTORS, SOLE MEMBER,
AND SOLE MEMBER AND MANAGER**
January 15, 2018

The undersigned, being the board of directors, board of managers, sole member, general partner, or limited partner, as applicable (each, the "Governing Body"), of the applicable entity set forth on Annex A attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions, pursuant to (as applicable) the bylaws, limited liability company agreement, limited partnership agreement or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document") and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

**Chapter 11 Filing**

**WHEREAS**, each Governing Body considered presentations by each Company's management (the "Management") and financial, restructuring, and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

**WHEREAS**, each Governing Body has had the opportunity to consult with the Management and the Advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that, in the judgment of each Governing Body, it is desirable and in the best interests of each Company, their creditors, and other parties in interest, that such Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction (the "Bankruptcy Court"); and

**RESOLVED**, that the Chief Executive Officer, Chief Financial Officer, General Counsel. Treasurer, Vice President, Secretary, Chief Operating Officer or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business.

**Cash Collateral & Debtor-in-Possession Financing**

**WHEREAS**, each Company will obtain benefits from each Company's use of collateral, including cash collateral, as that term is defined in section 363 of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to:

(a)   prior to the approval and consummation of the DIP Facilities, that certain Amended and Restated Credit Agreement, dated as of July 31, 2013, (the "RBL Credit Agreement"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among EXCO Resources, Inc. as borrower and JPMorgan Chase Bank, N.A., as the administrative agent (the "RBL Agent"), the lenders from time to time party thereto (the "RBL Lenders"), and the guarantor parties thereto (the "RBL Guarantors");

(b)  that certain indenture, dated as of March 15, 2017, (the "1.5 Lien Notes Indenture"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among EXCO Resources, Inc., as issuer and Wilmington Trust, N.A., as trustee and collateral agent (the "1.5 Lien Notes Indenture Trustee"), the lenders from time to time party thereto (the "1.5 Lien Noteholders") and the guarantor parties thereto (the "1.5 Lien Notes Guarantors");

(c)  that certain 1.75 Lien Term Loan Credit Agreement, dated as of March 15, 2017, (the "1.75 Lien Credit Agreement"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among EXCO Resources, Inc., as borrower and Wilmington Trust, N.A., as the collateral trustee (the "1.75 Lien Collateral Trustee"), the lenders from time to time party thereto (the "1.75 Lien Term Loan Lenders") and the guarantor parties thereto (the "1.75 Lien Term Loan Guarantors"); and

(d)  that certain Term Loan Credit Agreement, dated as of October 19, 2015, (the "Second Lien Credit Agreement"), as amended, amended and restated, supplemented, or otherwise modified, refinanced, or replaced from time to time, among EXCO Resources, Inc., as borrower and Wilmington Trust, N.A., as the collateral trustee (the "Second Lien Collateral Trustee"), the lenders from time to time party thereto (the "Second Lien Term Loan Lenders") and the guarantor parties thereto (the "Second Lien Term Loan Guarantors").

**WHEREAS**, reference is made to that certain Debtor-In-Possession Credit Agreement (together with all exhibits, schedules and annexes thereto, the "DIP Credit Agreement") dated as of, or about, the date hereof, by and among EXCO Resources, Inc., a Texas corporation, as the "Borrower" and a Debtor and debtor-in-possession under Chapter 11 of the Bankruptcy Code, the other Subsidiaries as

2

Guarantors and as Debtors and debtors-in-possession under Chapter 11 of the Bankruptcy Code, the lenders party thereto from time to time (collectively, the "DIP Lenders"), and Hamblin Watsa Investment Counsel Ltd., as Administrative Agent (the "DIP Agent");

**WHEREAS,** the Borrower has requested that the DIP Lenders provide a senior secured debtor-in-possession revolving credit facility to the Debtors (the "Revolver A Facility"); and

**WHEREAS,** the Borrower has requested that the DIP Lenders provide a senior secured debtor-in-possession revolving credit facility to the Debtors (the "Revolver B Facility", and together with the Revolver A Facility, the "DIP Facilities");

**WHEREAS,** the obligation of the DIP Lenders to make the extensions of credit to the Borrower is subject to, among other things, each Company entering into the DIP Credit Agreement and satisfying certain conditions in the DIP Credit Agreement; and

**WHEREAS,** each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Company to enter into the DIP Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

**NOW, THEREFORE, BE IT RESOLVED,** that the form, terms and provisions of the DIP Credit Agreement, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder), the transactions contemplated therein and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved; and

**RESOLVED**, that each Company will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of each Company to enter into the DIP Credit Agreement and each other Loan Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets; and

**RESOLVED**, that each Company's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Officers, acting alone or with one or more Authorized Officers, is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform the DIP Credit Agreement and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any other modification required to consummate the transactions contemplated by the DIP Credit Agreement in the name and on behalf of each Company, in the form approved, with such changes therein and

modifications and amendments thereto as any of the Authorized Officers may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Officers is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable; and

**RESOLVED,** that the Authorized Officers, acting alone or with one or more Authorized Officers, be, and hereby are, authorized, empowered and directed in the name of, and on behalf of, each Company to seek authorization to enter into the DIP Credit Agreement and to seek approval of the use of cash collateral pursuant to a postpetition financing order in interim and final form, and any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the use of cash collateral in connection with each Company's Chapter 11 Cases, which agreements may require each Company to grant adequate protection and liens to each Company's Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

**RESOLVED,** that (i) the form, terms, and provisions of the DIP Credit Agreement and all other Loan Documents (as defined in the DIP Credit Agreement) to which each Company is a party, including without limitation, the refinancing of the obligations outstanding pursuant to the RBL Credit Agreement, (ii) the grant of security interests in, pledges of, and liens on all or substantially all of the assets now or hereafter owned by each Company as collateral (including pledges of equity and personal property as collateral) under the Loan Documents and (iii) the guaranty of obligations by each Company under the Loan Documents, from which each Company will derive value, be and hereby are, authorized, adopted, and approved, and (iv) any Authorized Officer or other officer of each Company is hereby authorized, empowered, and directed, in the name of and on behalf of each Company, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement substantially in the form provided to each governing body, the Loan Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Company is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the "Financing Documents"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Officer executing the same shall approve;

4

**RESOLVED**, that each Company, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "Financing Transactions"), including granting liens on its assets to secure such obligations and the refinancing of the obligations outstanding pursuant to the RBL Credit Agreement; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, as debtor and debtor in possession, to take such actions as in its discretion is determined to be necessary, desirable, or appropriate to execute, deliver, and file:  (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in its sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his/her or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent and other parties in interest; and (d) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of each Company that either DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of each Company and such other filings in respect of intellectual and other property of each Company, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents; and

**RESOLVED**, that the Authorized Officers be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, each Company to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of each Company in connection with the foregoing resolutions, in accordance with the terms of the

Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform each Company's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her or their execution thereof; and

**RESOLVED**, that to the extent any Company serves as the the sole member, general partner, managing member, equivalent manager, or other governing body (collectively, a "Controlling Company") of any other Company (each a "Controlled Company"), each Authorized Officer, as applicable, is authorized, empowered and directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions on behalf of the applicable Controlling Company.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential restructuring or sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of PJT Partners LP, as each Company's financial advisor and investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PJT Partners LP in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Alvarez & Marsal North America, LLC, as each Company's restructuring advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and

directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Alvarez & Marsal North America, LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ the firm of Epiq Bankruptcy Solutions, LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Epiq Bankruptcy Solutions, LLC in accordance with applicable law; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, authorized, empowered, and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed to execute appropriate retention agreements, pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**RESOLVED**, that each of the Authorized Officers be, and they hereby are, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, proper, or desirable in connection with each Company's Chapter 11 Cases, with a view to the successful prosecution of such cases.

## General

**RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and they hereby are, authorized, empowered, and directed, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED**, that each Company and the Governing Body of each Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Governing Body; and

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized, empowered, and directed to take all actions, or to not take any action in the name of each Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary or desirable in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

**ANNEX A**

| COMPANY | JURISDICTION |
|---|---|
| EXCO GP Partners Old, LP | Delaware |
| EXCO Holding (PA), Inc. | Delaware |
| EXCO Holding MLP, Inc. | Texas |
| EXCO Land Company, LLC | Delaware |
| EXCO Midcontinent MLP, LLC | Delaware |
| EXCO Operating Company, LP | Delaware |
| EXCO Partners GP, LLC | Delaware |
| EXCO Partners OLP GP, LLC | Delaware |
| EXCO Production Company (PA), LLC | Delaware |
| EXCO Production Company (WV), LLC | Delaware |
| EXCO Resources (XA), LLC | Delaware |
| EXCO Services, Inc. | Delaware |
| Raider Marketing GP, LLC | Delaware |
| Raider Marketing, LP | Delaware |

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By:

HAROLD L. HICKEY

HAROLD H. JAMESON

_____

TYLER FARQUHARSON

_____

Being all of the directors of:
(1) EXCO Holding (PA), Inc.
(2) EXCO Services, Inc.
(3) EXCO Partners GP, LLC
(4) EXCO Holding MLP, Inc.

Signature Page to Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By:

HAROLD L. HICKEY

_____

HAROLD H. JAMESON

_____

TYLER FARQUHARSON

_____

Being all of the directors of:
(1) EXCO Holding (PA), Inc.
(2) EXCO Services, Inc.
(3) EXCO Partners GP, LLC
(4) EXCO Holding MLP, Inc.

Signature Page to Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By:

HAROLD L. HICKEY

_____

HAROLD H. JAMESON

_____

TYLER FARQUHARSON

_____

Being all of the directors of:
(1) EXCO Holding (PA), Inc.
(2) EXCO Services, Inc.
(3) EXCO Partners GP, LLC
(4) EXCO Holding MLP, Inc.

Signature Page to Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By:

HAROLD L. HICKEY

_____

HAROLD H. JAMESON

_____

TYLER FARQUHARSON

_____

Being all of the managers of:
EXCO Partners OLP GP, LLC

Signature Page to Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By:

HAROLD L. HICKEY

_____

HAROLD H. JAMESON

_____

TYLER FARQUHARSON

_____

Being all of the managers of:
EXCO Partners OLP GP, LLC

Signature Page to Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

By:

HAROLD L. HICKEY

_____

HAROLD H. JAMESON

_____

TYLER FARQUHARSON

_____

Being all of the managers of:
EXCO Partners OLP GP, LLC

Signature Page to Omnibus Written Consent

IN WITNESS WHEREOF, the undersigned have executed this written consent as of the date first set forth above.

**EXCO HOLDING (PA), INC.,**
as Member of:
EXCO Production Company (PA), LLC
EXCO Production Company (WV), LLC
EXCO Resources (XA), LLC

By: _____
Name: Tyler Farquharson
Title:   Vice President, Chief Financial
          Officer and Treasurer


**EXCO RESOURCES, INC.,**
as sole member of:
EXCO Midcontinent MLP, LLC
Raider Marketing GP, LLC

By: _____
Name: Tyler Farquharson
Title:   Vice President, Chief Financial
          Officer and Treasurer


**EXCO OPERATING COMPANY, LP**,
as sole member of:
EXCO Land Company, LLC

By: _____
Name: Tyler Farquharson
Title:   Vice President, Chief Financial
          Officer and Treasurer

**EXCO PARTNERS OLP GP, LLC,**
as general partner of:
EXCO Operating Company, LP

By: _____
Name: Tyler Farquharson
Title:   Vice President, Chief Financial
         Officer and Treasurer


**EXCO PARTNERS GP, LLC,**
as general partner of:
EXCO GP Partners Old, LP

By: _____
Name: Tyler Farquharson
Title:   Vice President, Chief Financial
         Officer and Treasurer


**RAIDER MARKETING GP, LLC,**
as general partner of:
Raider Marketing, LP

By: _____
Name: Tyler Farquharson
Title:   Vice President, Chief Financial
         Officer and Treasurer

Fill in this information to identify the case:

Debtor name _EXCO Resources, Inc., et al._

United States Bankruptcy Court for the:  _Southern_ District of ___Texas___

Case number (if known): _____

Check if this is an amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>500 DELAWARE AVENUE<br>WILMINGTON, DE  19801 | ATTN: PATRICK J. HEALY<br>PHONE - (302) 888-7420<br>EMAIL - phealy@wsfsbank.com | 7.5% SENIOR NOTES DUE 2018 | | | | $     131,576,000 |
| 2 | WILMINGTON SAVINGS FUND SOCIETY, FSB<br>500 DELAWARE AVENUE<br>WILMINGTON, DE  19801 | ATTN: PATRICK J. HEALY<br>PHONE - (302) 888-7420<br>EMAIL - phealy@wsfsbank.com | 8.5% SENIOR NOTES DUE 2022 | | | | $       70,169,000 |
| 3 | AZURE ETG LLC<br>12377 MERIT DRIVE<br>SUITE 300<br>DALLAS, TX  75251 | ATTN:  I. J. BERTHELOT, II<br>PRESIDENT<br>PHONE - (972) 674-5200<br><br>ATTN: CHIP BERTHELOT<br>PRESIDENT<br>PHONE - (972) 674-5200<br>EMAIL - chipb@azuremidstream.com | Trade Debt | | | | $       28,698,314 |
| 4 | BHP BILLITON PETROLEUM PROPERTIES LP<br>1100 LOUISIANA<br>SUITE 400<br>HOUSTON, TX  77002 | ATTN: ANDREW MACKENZIE<br>CHIEF EXECUTIVE OFFICER<br>PHONE - (832) 204-2700<br>FAX - (613) 9609-3015<br><br>ATTN: RYAN LINTON<br>PHONE - (713) 499-5526<br>EMAIL - ryan.linton@bhpbilliton.com | Trade Debt | | | | $       10,001,897 |
| 5 | FTS INTERNATIONAL SERVICES LLC<br>777 MAIN STREET, STE 3000<br>FORT WORTH, TX  76102 | ATTN: MICHAEL J. DOSS<br>CHIEF EXECUTIVE OFFICER<br>PHONE - (817) 862-2000<br>FAX - (713) 428-4099<br><br>ATTN: CODY DUBOIS<br>ACCT MANAGER<br>PHONE - (972) 385-2671<br>EMAIL - Cody.DuBois@ftsi.com | Trade Debt | | | | $         7,631,198 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | GOODRICH PETROLEUM CO LLC<br>801 LOUISIANA, STE 700<br>HOUSTON, TX 77002 | ATTN: ROBERT C. TURNHAM, JR.<br>PRESIDENT & CHIEF EXECUTIVE OFFICER<br>PHONE - (713) 780-9494<br>FAX - (713) 780-9254<br><br>ATTN: MARK LEISEROWITZ<br>CPA<br>PHONE - (832) 399-3147<br>FAX - (382) 389-5347<br>EMAIL - markl@goodrichpetroleum.com | Trade Debt | | | | $     4,586,270 |
| 7 | LOUISIANA MIDSTREAM GAS SERVICES LLC<br>6100 NORTH WESTERN AVE<br>PO BOX 18496<br>OKLAHOMA CITY, OK 73154-0496 | ATTN: J. MICHAEL STICE<br>CHIEF EXECUTIVE OFFICER<br>PHONE - (405) 848-8000<br><br>ATTN: SETH DANIEL<br>COMMERCIAL DEVELOPMENT REP<br>PHONE - (918) 572-6180<br>EMAIL - seth.daniel@williams.com | Trade Debt | | | | $     4,035,577 |
| 8 | BP AMERICA PRODUCTION CO<br>501 WESTLAKE PARK BLVD<br>HOUSTON, TX 77079 | ATTN: JOHN MINGE<br>PRESIDENT<br>PHONE - (281) 366-2000<br>FAX - (281) 366-7584<br><br>ATTN: LUCIA SPORLEDER, JV<br>ACCTS RECEIVABLE ANALSYT<br>PHONE - +54 11 5432 3837<br>EMAIL - sporleder.lucia@bp.com | Trade Debt | | | | $     2,555,702 |
| 9 | CHESAPEAKE ENERGY MARKETING LLC<br>6100 NORTH WESTERN AVE<br>OKLAHOMA CITY, OK 73118 | ATTN: ROBERT D. LAWLER<br>PRESIDENT & CHIEF EXECUTIVE OFFICER<br>PHONE - (405) 848-8000<br>FAX - (405) 879-9575<br><br>ATTN: MATT BELLER<br>SR. CRUDE OIL MARKETING REP<br>PHONE - (405) 935-7144<br>EMAIL - matt.beller@chk.com | Trade Debt | | | | $     2,455,392 |
| 10 | INDIGO MINERALS LLC<br>600 TRAVIS, STE 5500<br>HOUSTON, TX 77002 | ATTN: FRANK D. TSURU<br>PRESIDENT & CHIEF EXECUTIVE OFFICER<br>PHONE - (713) 237-5000<br>FAX - (713) 237-5040<br><br>ATTN: SUE ANNE SMITH<br>ACCOUNTING SUPERVISOR<br>PHONE - (713) 237-5014<br>EMAIL - s.smith@indigominerals.com | Natural Gas Purchasers and OBO JIB Trade | | | | $     2,204,413 |
| 11 | NABORS DRILLING TECHNOLOGIES USA INC<br>515 WEST GREENS RD<br>STE 1200<br>HOUSTON, TX 77067 | ATTN: ANTHONY G. PETRELLO<br>PRESIDENT & CHIEF EXECUTIVE OFFICER<br>PHONE - (281) 874-0035<br>FAX - (281) 872-5205<br><br>ATTN: TREVOR BRINKLEY<br>MANAGER - CONTRACTS<br>PHONE - (903) 747-5545<br>EMAIL - trevor.brinkley@nabors.com | Trade Debt | | | | $     1,770,820 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | SELECT ENERGY SERVICES LLC 515 POST OAK BLVD, STE 200 HOUSTON, TX  77027 | ATTN: HOLLI LADHANI PRESIDENT & CHIEF EXECUTIVE OFFICER PHONE - (713) 235-9500<br><br>ATTN: ERIC MATTSON CHIEF FINANCIAL OFFICER PHONE - (713) 235-9500 EMAIL - EMattson@selectenergyservices.com | Trade Debt | | | | $    1,480,775 |
| 13 | OIL STATES ENERGY SERVICES LLC THREE ALLEN CENTER 333 CLAY ST, STE 4620 HOUSTON, TX  77002 | ATTN: CINDY B. TAYLOR PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (713) 652-0582 FAX - (713) 652-0499<br><br>ATTN: JUSTIN SPATARO REGIONAL SALES PHONE - (903) 812-3142 EMAIL - Justin.Spataro@oilstates.com | Trade Debt | | | | $    1,309,391 |
| 14 | LEAM DRILLING SYSTEMS, LLC 3114 WEST OLD SPANISH TRAIL NEW IBERIA, LA  70560 | ATTN: DANNY CHILDERS PRESIDENT PHONE - (800) 426-5349<br><br>ATTN: NOELLE HOENING SALES PHONE - (214) 505-6135 EMAIL - noelle.hoening@leam.net | Trade Debt | | | | $    1,062,974 |
| 15 | PARADIGM MIDSTREAM SERVICES-ST LLC 545 E. JOHN CARPENTER FREEWAY SUITE 800 IRVING, TX  75062 | ATTN: JOHN STEEN CHIEF EXECUTIVE OFFICER PHONE - (214) 373-4300<br><br>ATTN: JENNY WAGGONER VICE PRESIDENT - BUSINESS DEVELOPMENT PHONE - (214) 389-8166 EMAIL - jwaggoner@paradigmmidstream.com | Trade Debt | | | | $       990,821 |
| 16 | SUN COAST RESOURCES INC 6405 CAVALCADE ST., BLDG 1 HOUSTON, TX  77026 | ATTN: KATHY LEHNE CHIEF EXECUTIVE OFFICER PHONE - (800) 677-3835<br><br>ATTN: TERAH PARKS SALES PHONE - (713) 429-8868 EMAIL - tparkins@suncoastresources.com | Trade Debt | | | | $       930,395 |
| 17 | GE OIL & GAS PRESSURE CONTROL LP 3960 COMMERCE ST SW CANTON, OH  44706 | ATTN: LORENZO SIMONELLI CHAIRMAN, PRESIDENT & CHIEF EXECUTIVE OFFICER PHONE - (330) 915-2500 FAX - (832) 325-4350<br><br>ATTN: RUSTY SPINKS REGIONAL SALES PHONE - (972) 447-2614 EMAIL - rusty.spinks@ge.com | Trade Debt | | | | $       869,610 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 PATTERSON UTI DRILLING COMPANY LLC 10713 WEST SAM HOUSTON PARKWAY NORTH SUITE 800 HOUSTON, TX  77064 | ATTN: WILLIAM A. (ANDY) HENDRICKS PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (281) 765-7100 FAX - (281) 765-7175  ATTN: DANNY BRUMLEY VP OF MKT PHONE - (817) 523-5267 EMAIL - danny.brumley@patenergy.com | Trade Debt | | | | $     764,541 |
| 19 MS DIRECTIONAL LLC 3335 POLLOCK DRIVE CONROE, TX  77303 | ATTN: ALLEN R. NEEL PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (936) 442-2500 FAX - (936) 442-2599  ATTN: JEFF R. JONES SW SALES MANAGER PHONE - (469) 540-5514 EMAIL - jjones@msenergyservices.com | Trade Debt | | | | $     743,966 |
| 20 SKY-LIN 6911 VARDAMAN RD KEITHVILLE, LA  71047 | ATTN: LINDA WILLIAMS MANAGING MEMBER PHONE - (318) 925-5249 FAX - (318) 925-5248  ATTN: TYLER WILLIAMS PHONE - (318) 925-5249 FAX - (318) 925-5248 EMAIL - tyler@skylin.net | Trade Debt | | | | $     606,720 |
| 21 STALLION OILFIELD SERVICES 950 CORBINDALE, STE 400 HOUSTON, TX  77024 | ATTN: DAVID C. MANNON PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (713) 528-5544 FAX - (713) 528-1276  ATTN: STEVE THOMPSON BD PHONE - (817) 229-7128 EMAIL - sthompson@sofs.cc | Trade Debt | | | | $     571,996 |
| 22 BAKER HUGHES BUSINESS SUPPORT SVS 17021 ALDINE WESTFIELD HOUSTON, TX  77073 | ATTN: MARTIN S. CRAIGHEAD CHAIRMAN AND CHIEF EXECUTIVE OFFICER PHONE - (713) 439-8600  ATTN: JASON M. PRICE ACCT MANAGER PHONE - (972) 465-1034 EMAIL - jason.price@bakerhughes.com | Trade Debt | | | | $     564,919 |
| 23 GULF COAST TMC LLC 7670 HWY 10 ETHEL, LA  70730 | ATTN: CHARLES E. WEAVER III MEMBER PHONE - (225) 683-6636 FAX - (225) 683-6652  ATTN: TRAE WEAVER SALES EMAIL - tw@gulfcoasttmc.com | Trade Debt | | | | $     532,919 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | S3 PUMP SERVICE<br>1918 BARTON DR<br>SHREVEPORT, LA  71107 | ATTN: MALCOLM H. SNEED III<br>PRESIDENT<br>PHONE - (318) 996-7030<br>FAX - (318) 221-7096<br><br>ATTN: JEFF SILVA<br>PRESIDENT<br>PHONE - (318) 423-0414<br>EMAIL - rsilva@s3pumpservice.com | Trade Debt | | | | $      504,964 |
| 25 | COGENT ENERGY SERVICES LLC<br>919 MILAM ST, STE 2480<br>HOUSTON, TX  77002 | ATTN: CHET ERWIN<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE - (713) 554-1200<br><br>ATTN: BRAD SLATON<br>PHONE - (318) 548-9245<br>EMAIL - bslaton@cogentenergyservices.com | Trade Debt | | | | $      489,062 |
| 26 | FLUID DISPOSAL SPECIALTIES INC<br>209 SAM BAIRD ROAD<br>HOMER, LA  71040-2019 | ATTN: MIKE HAYS<br>PRESIDENT<br>PHONE - (318) 927-6178<br>FAX - (318) 927-6965<br><br>ATTN: TIMOTHY G. BROWN<br>CHIEF FINANCIAL OFFICER<br>EMAIL - timbrown@hayscompanies.biz | Trade Debt | | | | $      415,013 |
| 27 | THOMAS OILFIELD SERVICES LLC<br>4250 SE LOOP 281<br>LONGVIEW, TX  75602 | ATTN: GREG PEELER<br>PRESIDENT<br>PHONE - (855) 778-5940<br>FAX - (855) 778-5940<br><br>ATTN: CHRISTOPHER STEELE, SR.<br>EXECUTIVE SALES<br>EMAIL - CSteele2@slb.com | Trade Debt | | | | $      355,556 |
| 28 | CNC OILFIELD SERVICES LLC<br>2000 CEDAR ST<br>SHREVEPORT, LA  71103 | ATTN: COLTON SANDERS<br>MANAGING OPERATOR<br>PHONE - (318) 584-7099<br>EMAIL - colton.s@cncoilfield.com | Trade Debt | | | | $      325,412 |
| 29 | CHESAPEAKE OPERATING INC<br>6100 NORTH WESTERN AVE<br>OKLAHOMA CITY, OK  73118 | ATTN: ROBERT D. LAWLER, PRESIDENT<br>PRESIDENT AND CHIEF EXECUTIVE OFFICER<br>PHONE - (405) 848-8000<br>FAX - (405) 879-9575<br><br>ATTN: MICHELLE SURRATT<br>ACCOUNTING ASSISTANT II<br>PHONE - (405) 935-4123<br>EMAIL - michelle.surratt@chk.com | Trade Debt | | | | $      307,565 |
| 30 | WEST LOUISIANA AGGREGATES LLC<br>10305 JOHN W HOLT JR BLVD<br>SHREVEPORT, LA  71115 | ATTN: MATTHEW CARROLL<br>PRESIDENT<br>PHONE - (936) 639-2215<br>PHONE - (318) 317-5971<br>EMAIL - mcarroll@westlaagg.com | Trade Debt | | | | $      301,439 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|
| | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 31 WEATHERFORD U.S., L.P. 2000 SAINT JAMES PLACE HOUSTON, TX 77056 | ATTN: KARL BLANCHARD EXECUTIVE VICE PRESIDENT AND CHIEF OPERATING OFICER PHONE - (713) 836-4000 FAX - (713) 693-4300 ATTN: ANGELA MARTIN CORPORATE SALES PHONE - (972) 661-6724 EMAIL - angela.martin@weatherford.com | Trade Debt | | | | $ 296,725 |
| 32 CURTIS OILFIELD SERVICES LLC P.O. BOX 1236 SILSBEE, TX 77656 | ATTN: BUFORD E. CURTIS MANAGER PHONE - (409) 385-2937 FAX - (409) 385-4202 | Trade Debt | | | | $ 270,374 |
| 33 TDJ OILFIELD SERVICES, LLC 5857 HIGHWAY 80 EAST PRINCETON, LA 71067 | ATTN: THOMAS STEVEN MOORE CONSULTANT/MANAGER PHONE - (318) 949-9279 FAX - (318) 949-4639 EMAIL - tdjoil@yahoo.com ATTN: RANDY WARD PHONE - (318) 949-9279 FAX - (318) 949-4639 EMAIL - randy@tdjoilfieldservicesllc.com | Trade Debt | | | | $ 263,843 |
| 34 CURTIS AND SON VACUUM SERVICE INC HWY 146 LIBERTY, TX 77575 | ATTN: CURTIS HUDNALL PRESIDENT PHONE - (936) 334-1188 EMAIL - csvs@curtisandsonco.com | Trade Debt | | | | $ 261,500 |
| 35 M6 ENERGY SERVICES LLC 3304 E GOFORTH RD KILGORE, TX 75662 | ATTN: RICHARD LEE JR MANAGING MEMBER PHONE - (903) 218-0423 ATTN: STEVE MOSES PHONE - (903) 808-2191 FAX - (903) 218-0423 EMAIL - tbone@m6energy.com | Trade Debt | | | | $ 251,039 |
| 36 SOUTHERN SOIL ENVIRONMENTAL INC 430 TIMBERS EAST DR HAUGHTON, LA 71037-9797 | ATTN: KENNETH R. JENKINS PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (318) 949-1501 FAX - (318) 949-1533 EMAIL - amymize@southernsoilenv.com | Trade Debt | | | | $ 233,633 |
| 37 KINDERHAWK FIELD SERVICES LLC 1001 LOUISIANA, STE 1000 HOUSTON, TX 77002 | ATTN: STEVEN J. KEAN PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (713) 369-9000 ATTN: NICK CHERRY MANAGER - ASSET MANAGEMENT PHONE - (713) 369-9841 EMAIL - Nicholas_Cherry@kindermorgan.com | Trade Debt | | | | $ 212,435 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 38 MAGNOLIA MIDSTREAM GAS SERVICES LLC 900 NORTH WEST 63RD ST OKLAHOMA CITY, OK  73154-0355 | ATTN: J. MICHAEL STICE CHIEF EXECUTIVE OFFICER PHONE - (405) 935-1500  ATTN: SETH DANIEL COMMERCIAL DEVELOPMENT REP PHONE - (918) 572-6180 EMAIL - seth.daniel@williams.com | Trade Debt | | | | $     209,294 |
| 39 BJ SERVICES COMPANY USA 11211 FM 2920 RD TOMBALL, TX  77375 | ATTN: JIM COLLINS VICE PRESIDENT PHONE - (281) 408-2361  ATTN: JASON M. PRICE ACCOUNT MANAGER PHONE - (972) 465-1034 EMAIL - jason.price@bakerhughes.com | Trade Debt | | | | $     191,343 |
| 40 DOWNHOLE TECHNOLOGY LLC 7123 BREEN DRIVE HOUSTON, TX  77086 | ATTN: DUKE VANLUE CHIEF EXECUTIVE OFFICER PHONE - (281) 820-2545 FAX - (281) 809-7123  ATTN: THOMAS BARTON PHONE - (281) 820-2545 EMAIL - thomas.barton@downholetechnology.com | Trade Debt | | | | $     190,465 |
| 41 HECKMANN WATER RESOURCES CVR INC C/O NUVERRA ENVIRONMENTAL SOLUTIONS 14624 N. SCOTTSDALE ROAD SUITE 300 SCOTTSDALE, AZ  85254 | ATTN: MARK D. JOHNSRUD CHIEF EXECUTIVE OFFICER PHONE - (602) 903-7802 FAX - (602) 903-7806  ATTN: STEVE LONDON PHONE - (832) 539-3232 FAX - (281) 298-7431 EMAIL - steve.london@nuverra.com | Trade Debt | | | | $     184,391 |
| 42 TEC WELL SERVICE LLC 851 W. HARRISON RD LONGVIEW, TX  75604 | ATTN: STEPHEN SHORE PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (903) 759-0082 FAX - (903) 759-7722 EMAIL - SSHORE@TECWELL.COM  ATTN: KENNETH SHORE VP & CHIEF FINANCIAL OFFICER PHONE - (903) 738-7554 EMAIL - KShore@tecwell.com | Trade Debt | | | | $     180,875 |
| 43 LIGHT TOWER RENTALS 2330 EAST INTERSTATE 20 SOUTH SERVICE ROAD ODESSA , TX  79766 | ATTN: PRESIDENT OR GENERAL COUNSEL PHONE - (432) 530-3330 FAX - (432) 530-3339  ATTN: CODY AVARY PHONE - (940) 210-8974 FAX - (432) 218-7889 EMAIL - coavary@ltr.com | Trade Debt | | | | $     178,083 |
| 44 PEAK FISHING SERVICES LLC 7710 WEST HWY 80 MIDLAND, TX  79706 | ATTN: JEREMY GRACE VICE PRESIDENT OF OPERATIONS PHONE - (432) 684-4155 FAX - (432) 684-4161 EMAIL - JEREMY.GRACE@PEAKFISHINGSERVICES.COM | Trade Debt | | | | $     173,380 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 45 PEROXYCHEM LLC ONE COMMERCE SQUARE 2005 MARKET STREET SUITE 3200 PHILADELPHIA, PA  19103 | ATTN: BRUCE LERNER PRESIDENT AND CHIEF EXECUTIVE OFFICER PHONE - (267) 422-2400 FAX - (215) 299-5998  ATTN: CARLETON PARKER PHONE - (817) 896-8059 EMAIL - carleton.parker@peroxychem.com | Trade Debt | | | | $          160,321 |
| 46 FREEDOM OILFIELD SERVICE LLC 2948 HIGHWAY 80 HAUGHTON, LA  71037 | ATTN: MATTEW EVANS PARTNER PHONE - (318) 949-0330 FAX - (307) 382-5900 EMAIL - matt@freedomoilfield.net | Trade Debt | | | | $          159,728 |
| 47 ENTERPRISE PRODUCTS OPERATING LLC 1100 LOUISIANA ST 10TH FLOOR HOUSTON, TX  77002 | ATTN: O.S. ANDRAS CHIEF EXECUTIVE OFFICER PHONE - (713) 381-6500 FAX - (405) 606-4534  ATTN: PAULA IKNER SR COMMERCIAL REP PHONE - (713) 381-7910 EMAIL - pikner@eprod.com | Contract Dispute | Contingent, Unliquidated, Disputed | | | Undetermined |
| 48 LONG PETROLEUM LLC 400 TEXAS ST. #800 SHREVEPORT, LA  71101 | ATTN: DENMAN M. LONG CHAIRMAN PHONE - (318) 221-3516 FAX - (318) 221-6304  ATTN: KEVIN LONG PRESIDENT PHONE - (318) 221-3516 EMAIL - kevin@longpetro.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |
| 49 OOGC AMERICA LLC (EAGLE FORD) 945 BUNKER HILL RD #1000 HOUSTON, TX  77024 | ATTN: QING JIANG PRESIDENT PHONE - (713) 380-4800  ATTN: KIM WOIMA SR. MANAGER - FINANCE PHONE - (713) 380-4881 EMAIL - Kim.Woima@nexencnoocltd.com | Contract Dispute | Contingent, Unliquidated, Disputed | | | Undetermined |
| 50 REGENCY GAS SERVICES LP 8111 WESTCHESTER DRIVE DALLAS, TX  75225 | ATTN: KELCY L. WARREN CHIEF EXECUTIVE OFFICER PHONE - (214) 981-0700 FAX - (214) 981-0703  ATTN: MARTIN ANTHONY VP - GAS SUPPLY & BUSINESS PHONE - (318) 677-5551 EMAIL - martin.anthony@regencygas.com | Contract Dispute | Contingent, Unliquidated | | | Undetermined |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| EXCO SERVICES, INC., | ) Case No. 18-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| EXCO SERVICES, INC. | EXCO RESOURCES, INC. | 12377 MERIT DRIVE, SUITE 1700 DALLAS, TX 75251 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| EXCO SERVICES, INC., | ) | Case No. 18-_____(____) |
| | ) | |
| Debtor. | ) | |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| EXCO RESOURCES, INC. | 100% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | EXCO Services, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration  Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ */s/ Tyler Farquharson*

**01/15/2018**
MM/ DD/YYYY

Signature of individual signing on behalf of debtor

**Tyler Farquharson**
Printed name

**Chief Financial Officer, Director, Treasurer and Vice President**
Position or relationship to debtor

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**